UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN T. FITCH, SR.                                    CIVIL ACTION

VERSUS                                                 NO. 16-8724

JASON KENT, WARDEN                                    SECTION: "R"(5)

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).    For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

### Procedural History

Petitioner, John Fitch, Sr., was charged with two counts of aggravated rape, four counts of sexual battery, and two counts of contributing to the delinquency of juveniles.[1] On September 13, 2004, he pleaded guilty to two counts of forcible rape and three counts of sexual battery.[2]    He was sentenced to 20 years imprisonment at hard labor without benefit

---

[1]  State Rec., Vol. 1 of 2, Bill of Indictment.

[2]  State Rec., Vol. 1 of 2, Minute Entry, 9/13/04; *see also* Waiver of Constitutional Rights and Plea of Guilty; Transcript of Guilty Plea and Sentencing, 9/13/04, pp. 16-18.

of probation, parole or suspension of sentence on each count of forcible rape and 10 years imprisonment at hard labor without benefit of probation, parole or suspension of sentence on each count of sexual battery, all to run concurrently.    He did not pursue a direct appeal.

On August 18, 2006, he filed an application for post-conviction relief with the state district court.[3]    In that application, he asserted a claim of ineffective assistance of trial counsel for failing to conduct adequate investigation, advance a plausible defense on his behalf or to establish that he was competent to proceed with a guilty plea.    The State's response noted that the record sufficed to prove counsel was not ineffective for failing to request a competency hearing, but was insufficient to determine if he conducted adequate pretrial investigation regarding his client's mental capacity at the time of the offenses.    On October 9, 2006, the trial court appointed the Indigent Defender's Office to represent him at the hearing set for December 7, 2006.    Apparently, Fitch was not transported for the hearing, which did not take place as scheduled.    On January 17, 2007, by joint motion to substitute counsel, Alexander Doyle enrolled.    The motion was reset for hearing in April, June and August, but continued each time at defense counsel's request.    On September 19, 2007, Fitch filed a *pro se* motion to recuse the trial judge, which was denied on September 21, 2007.    The hearing was reset for December 6, 2007.    In November 2007, Doyle issued

---

[3]  State Rec., Vol. 1 of 2, R.p. 181, Uniform Application for Post-Conviction Relief. Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006).    Fitch signed and dated the application on August 18, 2006, which is presumed to be the earliest date on which it could have been placed in the mail system.

numerous subpoenas in preparation for the hearing.     However, at the hearing held December 6, 2007, Fitch asked that defense counsel be released as counsel of record.     His request was granted and the court advised Fitch to hire new counsel.     On motion of the defendant, the hearing was continued again until April 10, 2008.     On February 6, 2008, Fitch filed a motion for production of documents and request for a contradictory hearing. That motion was also set for the hearing date of April 10, 2008.     As Fitch was not present or represented for the hearing, both rules were continued on motion of the State until June 5, 2008.     Fitch was present for this June hearing, but not represented.     He indicated that he wished to proceed without an attorney on the motion for production and that he was attempting to obtain counsel.     He stated he was not prepared to go forward with the post-conviction application and wished to continue the matter.     The trial court denied the motion for production of documents.     The post-conviction matter was continued without date to provide Fitch the opportunity to obtain the additional documents and supplement his post-conviction application.     Fitch was specifically instructed that he would be responsible for resetting the post-conviction hearing.[4]     Fitch was subsequently provided a copy of the June 2008 transcript.

On January 5, 2009, Fitch filed a motion to appoint counsel and a motion to correct a judgment of sentence.     In that motion, he claimed that the bill of indictment was defective and the trial court's ruling deprived him of peremptory challenges.     He argued that he was entitled to a copy of the district attorney's file.     He also filed a public-records request on

---

[4] State Rec., Vol. 1 of 2, Transcript of June 2008 hearing.

July 6, 2009.    Fitch was notified that his motion to correct a judgment of sentence was denied.    On July 8, 2009, the trial court denied his motion to produce documents.    On July 22, 2009, Alexander Doyle was formally enrolled once again as appointed conflict counsel on his behalf.    The record then reflects a writ ruling from the Louisiana First Circuit denying relief on November 23, 2009, but no underlying writ application was made a part of the state-court record.[5]    The post-conviction hearing date was reset for February 4, 2010.    The motion was continued without date at the request of defense counsel for additional time to prepare and file pleadings.

On February 25, 2010, Doyle filed a motion to withdraw as counsel, citing his previous personal conflict with this same client.    The state-court record also reflects that Fitch filed a complaint with the Office of the Disciplinary Counsel against Doyle in January 2010.    The trial court granted the request on March 1, 2010.    By joint motion to substitute counsel filed on March 24, 2010, Robert M. Louque, Jr. was substituted for Doyle.    Louque filed a motion to reset the hearing on the application for post-conviction relief, which was ordered reset for December 9, 2010.

On September 24, 2010, Fitch filed a *pro se* supplemental post-conviction relief application arguing ineffective assistance of counsel and that his guilty plea was involuntary.[6]    A minute entry reflects that the December 9, 2010 hearing was continued without date by defense counsel.    Over a year later, Fitch sent a letter (dated April 1, 2012)

---

[5]    *State v. Fitch*, 2009-KW-1712 (La. App. 1 Cir. Nov. 23, 2009).

[6]    State Rec., Vol. 1 of 2, R.p. 361.

to the District Public Defender, Anthony Champagne, inquiring about Robert Louque and the status of his proceedings.    In the letter, he explained that Louque had not answered letters or returned phone calls.    Champagne replied in writing that he spoke to Louque, who said he would be in touch with Fitch.

The next pleading of record is a motion for appointment of counsel filed by Fitch signed August 24, 2013.    The motion alleges that Louque has not shown an interest in his case and new counsel of record should be appointed.    The district court denied that motion on September 12, 2013.    Fitch, *pro se*, filed a motion for change of venue, citing a denial of access to the courts and conflicts with attorneys as preventing him from pursing post-conviction relief.    That motion was denied on October 27, 2013.    On January 14, 2014, he filed a *pro se* "petition for writ of mandamus jurisdiction," alleging denial of access to the courts and conflicts of interest delaying his pending post-conviction relief application.    The district court denied that motion on January 30, 2014.    The district court scheduled a status hearing for June 12, 2014.

In the meantime, on or about February 9, 2014, Fitch filed a petition for mandamus relief in the Louisiana First Circuit Court of Appeal.    On April 21, 2014, the court of appeal granted relief and ordered the district court to conduct the evidentiary hearing as soon as practicable.[7]    In May 2014, Fitch attempted to issue subpoenas for records; however, the district court denied the requests and instructed him to proceed through his appointed

---

[7]    State Rec., Vol. 2 of 2, *State v. Fitch*, 2014-KW-0195 (La. App. 1 Cir. Apr. 21, 2014); see also Petition for Writ of Mandamus Jurisdiction No. 2014-KW-0195.

counsel.    A minute entry from June 12, 2014 reflects that Fitch was present with his attorney, discussions were held at the bench during which Louque entered statements, and the hearing on the application for post-conviction relief was set for October 9, 2014.    On June 23, 2014, Fitch filed a *pro se* motion for psychiatric evaluation by an expert, which was denied with instructions by the district court to file through his appointed counsel.    On July 17, 2014, Fitch submitted a *pro se* motion with the district court to recuse presiding Judge George Larke.    That motion was denied on August 5, 2014.    On August 18, 2014, Fitch filed a related *pro se* petition for supervisory review with the Louisiana First Circuit, citing Judge Larke's improper refusal to recuse himself.    On October 21, 2014, the court of appeal denied relief.[8]

Meanwhile, in September 2014, Louque issued a subpoena to Fitch's trial counsel, Kerry Byrne, in advance of the October hearing.    A minute entry for October 9, 2014 reflects that Fitch appeared with counsel and, following some discussion, Louque stated that he would be filing a motion to recuse the trial judge at Fitch's request.    As a result, the hearing on the post-conviction motion was continued without date.

On October 29, 2014, Louque filed a counseled motion to recuse on Fitch's behalf. The motion to recuse was reallotted to a different section of court and set for hearing on December 16, 2014.    Fitch filed a motion for production of the transcript from October 9, 2014.    That request was denied and he was instructed to proceed through counsel.    On

---

[8]  State Rec., Vol. 2 of 2, *State v. Fitch*, 2014-KW-1201 (La. App. 1 Cir. Oct. 21, 2014); *see also* First Circuit Writ No. 2014-KW-1201 styled "Petition for Writs of Supervisory and Review.

December 8, 2014, he filed a supervisory writ application challenging that ruling denying production of the transcript.    The court of appeal denied relief on February 9, 2015.[9]    In the interim, a minute entry from December 16, 2014 reflects that the hearing on the motion to recuse was continued to March 18, 2015, at the request of defense counsel.

On February 16, 2015, Fitch filed a *pro se* motion for continuance with the district court.    In that motion, he noted that he had a pending motion to recuse the trial judge and also a pending disciplinary complaint against his attorney, and wanted "any and all upcoming proceedings to be continued until the disciplinary board is finished investigating the complaint against Attorney Robert Louque."    In March 2015, Fitch's request for continuance was granted.

Fitch's post-conviction relief application has not been resolved and still remains pending but continued without date, as requested by Fitch.    His motion to recuse is also still pending before the state district court but continued without date, as requested by Fitch. Fitch has been before the Louisiana Supreme Court only once—on a writ application that stemmed from the disciplinary bar matter he filed against his current appointed counsel, Robert Louque, Jr.[10]

On May 31, 2016, he filed the instant federal application for *habeas corpus* relief.[11]

---

[9]  State Rec., Vol. 2 of 2, *State v. Fitch*, 2014-KW-1783 (La. App. 1 Cir. Feb. 9, 2015); *see also* Louisiana First Circuit Writ No. 2014-KW-1783.

[10]  Louisiana Supreme Court writ application No. 2015-OB-1834, related to the disciplinary proceedings (15-PDB-062), was confirmed by the Clerk's Office to be the only application he has filed with the Louisiana Supreme Court.

[11]  Rec. Doc. 4, 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.    "A prisoner's

In that application, he claims that he was not given *Miranda* warnings or afforded a lawyer upon request, that he received ineffective assistance of trial counsel for failing to adequately investigate and provide a defense or file relevant pretrial motions, and that his guilty plea was involuntary. The State argues that the application should be dismissed without prejudice because he has not exhausted his state-court remedies with respect to these claims.[12] Fitch has filed a reply to that response.[13]

## Analysis

Initially, the Court must determine whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b),(c)). The Court first addresses the State's exhaustion defense.

### A. Exhaustion

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20, 102

---

habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n. 2 (5th Cir. 2003). Fitch signed his federal application on May 31, 2016. Therefore, his application presumably could not have been placed in the prison mailing system any earlier than that date.

[12]  Rec. Doc. 10.

[13]  Rec. Doc. 11.

S.Ct. 1198, 71 L.Ed.2d 379 (1982)); *accord Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Nobles*, 127 F.3d at 419.    "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519–20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."    *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275–78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)).    "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.    *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *accord Duncan v. Walker*, 533 U.S. 167, 177–79, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."    *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275–78).    "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."    *Id.* (citing *Nobles*, 127 F.3d at 420).    It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

9

To exhaust his claims in state court, Fitch must fairly present the same claims and legal theories urged in his federal *habeas* petition to each of the state courts through the Louisiana Supreme Court in a procedurally proper manner, either on direct appeal or on post-conviction review.    However, in the instant case, Fitch has not pursued any of his claims beyond the state district-court level.    One of his claims involving an alleged *Miranda* violation has never been raised in any state court.    Clearly, he has not sought relief on the yet unresolved post-conviction claims raising ineffective assistance or challenging his guilty plea in either the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court. Thus, the claims presented in this Court clearly have not been exhausted.

The Court notes that lack of exhaustion may be excused if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."    28 U.S.C. § 2254(b)(1)(B).    Fitch does not argue that either of these exceptions should apply here.    Moreover, as the United States Fifth Circuit Court of Appeals has explained, a situation where such an exception would be warranted is rare indeed.    On this issue, the Fifth Circuit has set forth the following considerations:

a. Requirements

The requirements of the exhaustion concept are simple: An applicant must fairly apprise the highest court of his state of the federal rights which were allegedly violated. *Picard*, 404 U.S. at 275, 92 S.Ct. at 512; *Carter*, 677 F.2d at 443; *Galtieri*, 582 F.2d at 353. Further, the applicant must present his claims in a procedurally correct manner. *Carter*, 677 F.2d at 443. If, for whatever reason, an applicant bypasses the appellate processes of his state-whether through procedural default or otherwise-he will not be deemed to have met the exhaustion requirement absent a showing of one of two particulars. He

must either demonstrate cause and prejudice or show that the failure to consider his claims will "result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, ----, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

b. Exceptions

The exhaustion requirement is excused only in those "rare cases where exceptional circumstances of peculiar urgency" mandate federal court interference. *Ex Parte Hawk*, 321 U.S. 114, 118, 64 S.Ct. 448, 450, 88 L.Ed. 572 (1944) (quoting *United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17, 46 S.Ct. 1, 2, 70 L.Ed. 138 (1925)). *See also Irvin v. Dowd*, 359 U.S. 394, 405, 79 S.Ct. 825, 831, 3 L.Ed.2d 900 (1959). Based upon section 2254, if a state fails to satisfactorily protect a prisoner's right to review, federal courts are allowed to bypass the exhaustion requirement, for the exhaustion doctrine assumes that state remedies are adequate and available. *Rose*, 455 U.S. at 515 n. 7, 102 S.Ct. at 1201 n. 7; *Duckworth*, 454 U.S. at 3, 102 S.Ct. at 19; *Preiser*, 411 U.S. at 493, 93 S.Ct. at 1838; *Young v. Ragen*, 337 U.S. 235, 238-39, 69 S.Ct. 1073, 1074, 93 L.Ed. 1333 (1949).

"Exceptional circumstances of peculiar urgency" exist in several circumstances.[14]   Most importantly for our purposes, the exhaustion doctrine will not be applied when the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights. *Shelton v. Heard*, 696 F.2d 1127, 1128-29 (5th Cir.1983); *Carter*, 677 F.2d at 446; *Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir.1978); *Rheuark v. Wade*, 540 F.2d 1282, 1283 (5th Cir.1976); *St. Jules v. Beto*, 462 F.2d 1365, 1366 (5th Cir.1972); *Reynolds v. Wainwright*, 460 F.2d 1026, 1027 (5th Cir.), *cert. denied*, 409 U.S. 950, 93 S.Ct. 294, 34 L.Ed.2d 221 (1972); *Dixon v. Florida*, 388 F.2d 424, 425 (5th Cir.1968). In analyzing exhaustion in each case, however, courts are to excuse noncompliance with the exhaustion doctrine only if the inordinate delay is wholly and completely the fault of the state. *See Carter*, 677 F.2d at 443, 445; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir.1976); *Perry v. Jones*, 437 F.2d 758, 759 (5th Cir.1971). Petitioners without clean hands-those who contribute to the excessive delay-will not be heard to complain of the

---

[14]   The Fifth Circuit noted instances where seeking state remedies would be futile or where an applicant would be required to repetitively seek relief in state courts after the highest court in the state has reviewed his case, or when a state changes the substantive law on the applicable federal issue after the highest state court has reviewed a petitioner's habeas corpus application, or finally, if the state's review processes are so "cumbersome, complex and confusing that they frustrate good faith attempts to comply with them."

delay they have caused and thus will not be excused from meeting the exhaustion doctrine. *See e.g. Perry*, 437 F.2d at 759; *United States ex rel. Cash v. Brierley*, 412 F.2d 296, 297 (3d Cir.1969); *Barksdale v. Crouse*, 360 F.2d 34, 35 (10th Cir.1966); *United States ex rel. Long v. Rundle*, 331 F.Supp. 211, 212 (E.D.Pa.1971).

*Deter v. Collins*, 985 F.2d 789, 795-796 (5th Cir. 1993) (footnotes omitted) (holding that petitioner's failure to comply with the exhaustion requirement precluded merits review and would not be excused on the basis of alleged inordinate delay by the state of Texas in reviewing his claims).     In Fitch's case, no exceptional circumstances exist.

Fitch presumably would seek to blame his attorneys and the state district court judge for the delays in the state-court proceedings.     However, as the procedural history outlined above clearly shows, Fitch himself shares a large part of the blame.     In fact, his application for post-conviction relief likely would have been resolved on December 6, 2007, had Fitch proceeded with the hearing for which his counsel had prepared and even subpoenaed witnesses, rather than choosing to release his appointed counsel.     He similarly delayed the October 9, 2014 hearing on the post-conviction motion by insisting that his appointed counsel file a motion to recuse the district court judge and continue the post-conviction hearing.     He again delayed even the recusal hearing by seeking a continuance of that hearing pending investigation of a disciplinary complaint he filed against his appointed counsel.     These facts and circumstances do not suffice to implicate an exception for Fitch's failure to exhaust.     The record contradicts any suggestion that the state system inordinately and unjustifiably delayed review of his claims so as to impinge upon his due-process rights.     Furthermore, as in *Deter*, this Court would have to ignore significant

federal-state comity concerns and disrupt pending, ongoing proceedings in the state district court in order to reach the merits of claims without the aid of a complete record.

Moreover, although a dismissal without prejudice is proper in those instances where a petitioner fails to exhaust state-court remedies, *Pliler v. Ford*, 542 U.S. 225, 233, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004) (quoting *Rose*, 455 U.S. at 510); *Whitehead*, 157 F.3d at 387, here, the Court recognizes *sua sponte* that Fitch's federal petition was not timely filed, and must be dismissed instead *with prejudice* for that reason, rendering the need for exhaustion unnecessary.[15]

B. *Statute of Limitations*

The United States Supreme Court has held that "district courts are permitted, but not obligated, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions ... and assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issues, and 'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred." *Id.*, 547 U.S. at 210 (citations omitted).

---

[15]  For this reason and also because Fitch's petition is fully unexhausted, the Court need not address the applicability of any stay and abeyance procedure under the circumstances. *See Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed habeas petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

This Court is aware of no reason other than perhaps inadvertence for the State's failure to raise this defense in its response and thus believes it is proper for the Court to consider the timeliness issue at this juncture.    *See Prieto v. Quarterman*, 456 F.3d 511, 518 (5th Cir. 2006) (citing *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998).    Furthermore, Fitch will be afforded an adequate opportunity to respond and present any arguments he may wish to raise with respect to the timeliness of the instant federal application. Accordingly, **Fitch is hereby specifically advised and instructed that this report and recommendation is notice to him that this Court is *sua sponte* raising the limitations issue and that Petitioner must submit any evidence or argument concerning the bar as part of any objections he may file to this report**.    *Magouirk*, 144 F.3d at 350, 360.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., governs the filing date for this action because he filed his *habeas* petition after the AEDPA's effective date.    *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).    The AEDPA generally requires that a petitioner bring his Section 2254 claims within one year of the date on which his underlying criminal judgment becomes "final."[16]

---

[16] Title 28 U.S.C. § 2244(d) provides additional grounds, which do not apply here:

(1)   A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented

With regard to finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir.2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir.2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir.2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

As previously noted, Fitch pleaded guilty and was sentenced on September 13, 2004.

Therefore, his state criminal judgment was final for AEDPA purposes on October 13, 2004,

when his time expired for filing an appeal under state law.[17]    Under a plain reading of the

---

                               from filing by such State action;

      C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[17]  *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985) (conviction and sentence

statute, he then had one year within which to file his federal *habeas* petition, or a deadline of October 13, 2005.    However, the Court notes that the limitations period was arguably suspended on September 1, 2005, by former Chief Judge Helen G. Berrigan's suspension of all prescriptive periods in this Court from September 1, 2005, through November 25, 2005, as a result of Hurricane Katrina.    *See*, *e.g.*, *Mark v. Michael*, Civ. Action No. 08–1261, 2008 WL 4365929, at *2 (E.D. La. Sept. 23, 2008).    Out of an abundance of caution, the Court will not count those days against Fitch.    With the additional 86 days of untolled time, his deadline to file a federal *habeas* petition was Monday, January 9, 2006.[18]    Fitch did not file his federal *habeas* petition with this Court until May 31, 2016.    Thus, his application must be dismissed as untimely, unless that deadline was extended through tolling.

### C.  Statutory Tolling

The Court finds no basis for statutory tolling in this case.    Regarding the statute of limitations, the AEDPA expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."    28 U.S.C. § 2244(d)(2).    However, as the state court record shows, Fitch had

---

are final upon the failure of the defendant to make a timely motion for appeal).    Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence.    La. Code Crim. P. art. 914.

[18]    The final day of the one-year period fell on Saturday, January 7, 2006.    Therefore, he had until Monday January 9, 2006 in which to file his federal application.    *See* Fed. R. Civ. P. 6(a)(1)(C) (when computing time, "include the last day of the period, but if the last day is a Saturday ... the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

no such applications pending before the state courts during the applicable one-year period. The one-year federal limitations period continued to run uninterrupted and expired on January 9, 2006.    Fitch's application for post-conviction relief was not filed with the state district court until August 18, 2006, six months *after* the one-year federal limitations period had already expired, and therefore could not possibly afford him any tolling benefit.    *See Madden v. Thaler*, 521 F. App'x 316, 320 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4, *aff'd*, 253 F.3d 702 (5th Cir. 2001) (citing *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000)).    Simply put, once the federal limitations period expired, "[t]here was nothing to toll." *Butler v. Cain,* 533 F.3d at 318.    Because Fitch had no state applications pending at any time during the one-year limitations period, he clearly is not entitled to any tolling credit pursuant to § 2244(d)(2).[19]

####   D.  Equitable Tolling

The United States Supreme Court has held that the AEDPA's statute of limitations is

---

[19]  The Court also notes that his motions requesting documents filed during the relevant one-year period provided him no tolling benefit.    *See* State Rec., Vol. 1 of 2, Motion to Produce Public Documents signed June 9, 2005; Order issued December 9, 2005; Motion for Production of Documents filed December 2, 2005; Freedom of Information Act Request for Information filed March 8, 2006.    Applications seeking documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence.    *Higginbotham v. Tanner*, Civ. Action No. 10–1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); *Parker v. Cain*, Civ. Action No. 02–0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), *certificate of appealability denied*, No. 03–30107 (5th Cir. June 23, 2003); *Boyd v. Ward*, Civ. Action No. 01–493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), *certificate of appealability denied*, No. 01–30651 (5th Cir. Aug. 22, 2001).

subject to equitable tolling.    *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).    However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."    *Id.* at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").    A petitioner bears the burden of proof to establish entitlement to equitable tolling.    *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Fitch offers no excuse for his failure to pursue timely *habeas* relief and the record discloses no basis on which this Court could find that equitable tolling is warranted.    It is well-settled that mistake, ignorance of the law, and a prisoner's *pro se* status do not suffice to justify equitable tolling.    *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); s*ee also Tate v. Parker*, 439 F. App'x 375 (5th Cir. 2011) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling"); *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ([E]quitable tolling "is not intended for those who sleep on their rights").    Nor would any assertion that he mistakenly relied on the two-year limitations period under state law or lacked instructions as to the federal limitations period suffice to

establish the extraordinary circumstances required to justify equitable tolling.    *Santinac v. Cain*, Civ. Action No. 06-6260, 2011 WL 765742, at *2 (E.D. La. Feb. 23, 2011) (Zainey, J) (Order and Reasons) (citing *Cooper v. Travis*, No. 08-0021, 2010 WL 3523022, at *2 (E.D. La. Sept. 2, 2010) (Africk, J) (Order and Reasons).    In *Santinac*, petitioner did not file for state post-conviction relief until a year and seven months after his state conviction became final, which was already seven months beyond the time he had to apply for federal *habeas corpus* relief, and this Court held that equitable tolling was not applicable.    Accordingly, Fitch is not entitled to equitable tolling.[20]

In sum, the instant petition was filed more than 10 years after the federal limitations period expired.    Fitch has not established any basis for statutory or equitable tolling. Therefore, his federal *habeas corpus* petition should be dismissed with prejudice as untimely.[21]

---

[20]    In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass... [to excuse] the expiration of the statute of limitations."    *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013).    The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]"    *Id*.    To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence... that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence.    *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).    Fitch pleaded guilty to the criminal offenses of conviction, and on the record presented, he has not made a colorable showing that he is actually innocent in light of "new evidence."

[21]    In the event that the district judge disagrees with the recommendation herein and finds that the federal application is timely, the alternative grounds of failure to exhaust still apply and the undersigned would recommend that Fitch's be dismissed <u>without</u> prejudice for that reason.

## RECOMMENDATION

**IT IS RECOMMENDED** that Fitch's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.    A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[22]

New Orleans, Louisiana, this ___9th___ day of _____June_____, 2017.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.